CHARLES A. WHITING *vs.* NATHANIEL WITHINGTON & others.

Three partners being sued on a partnership note, two of them pleaded a discharge under the insolvent laws in bar, and the plaintiff discontinued against these two, and filed a specification of his claim against the third, in which he sought to charge him both on his joint liability, and on an alleged separate liability for the goods which formed the consideration of the note, and omitted to amend his declaration so as to charge a separate liability: It was held, that the plaintiff could not recover against the remaining defendant, by proving a separate liability.

In an action against one of several partners, to recover the value of goods fraudulently obtained by the defendant, for his own use, in pursuance of an alleged conspiracy between him and his partners, evidence is not admissible for the plaintiff, to prove that the defendant had purchased goods of other persons, in the name of the partnership, on false and fraudulent representations that he was authorized to make such purchases for the firm, and that the partnership was solvent. Such representations, if made to the plaintiff, would not be admissible, in an action founded on a contract.

THIS was an action of assumpsit, to recover the amount of three promissory notes, signed by the three defendants, Nathaniel Withington, Elbridge Jones, and Wales Tucker, under their copartnership name of Withington and Jones, and was tried before *Merrick*, J., in the court of common pleas.

The defendants, Withington and Jones, pleaded discharges under the insolvent laws, and the plaintiff thereupon discontinued against them, and filed a specification of his claim against Tucker, the other defendant, seeking to recover against him on his joint liability on the notes; and charging him also on an alleged original separate promise for the same goods which formed the consideration of the notes. But the court ruled, that he could not recover against the defendant on a separate promise, without altering his declaration so as to charge a separate promise; and on the plaintiff's declining to amend, ruled that he could only recover under this declaration on proof of a joint promise; and to this ruling the plaintiff excepted.

The court having ruled, that if the goods were fraudulently obtained by Tucker for his own use, in pursuance of any fraudulent conspiracy or arrangement between the three defendants, the plaintiff was entitled to recover; the plaintiff called several witnesses, by whom he offered to prove, that

35*

Tucker had purchased goods in the name of Withington and Jones, on false and fraudulent representations, that he was authorized so to do, that the goods were for them and on their account, and that they were then solvent. The defendant objected to this evidence as irrelevant, and the court sustained the objection.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions to the rejection of the evidence offered by him.

*C. B. Goodrich,* for the plaintiff.

1. The court, in considering the propriety of the first ruling, must assume that the plaintiff had a cause of action upon both grounds. Each claim proceeds upon the liability of the defendant Tucker in his own right. At the time of the filing of the specification of claim, the original joint claim had become several, so that the cause thereafter proceeded upon two claims, both several.

2. The evidence rejected was admissible to show a fraudulent intent and motive in Tucker. *Gibson* v. *Hunter,* 6 Brown, P. C. 255; *Rowley* v. *Bigelow,* 12 Pick. 307; *Wood* v. *United States,* 16 Peters, 342, 360, 361.

*J. J. Clarke,* (with whom was *S. Bartlett,*) for the defendant Tucker.

WILDE, J. We think it very clear that the exceptions to the rulings of the court cannot be sustained. It is a well settled rule of the common law, that in actions on contracts, the contract must be truly set forth, and must be proved as set forth, or the plaintiff will not be entitled to judgment.

By the statute of 1834, *c.* 189, a change was made in one particular of this rule of law. By that statute, the plaintiff in an action founded on debt or contract, brought against two or more defendants, was authorized to discontinue against any defendant, who should appear before final judgment not to have been a party to the contract, and might thereupon be entitled to recover against any other defendant or defendants in such action.

But this statute was repealed by the revised statutes, and

a new provision was substituted in conformity with the rule of the common law.

By Rev. Sts. *c.* 100, § 7, it is provided that "When any action founded on contract is brought against several persons, the plaintiff may be allowed, at any time before the cause is argued to the jury, and if there is no such argument, at any time before it is committed to the jury by the court, to discontinue, as against any of the defendants ; and the plaintiff may thereupon amend his declaration, and proceed against the other defendants, in like manner as if the action had been originally brought against them alone."

· By this section, it appears very clear, that without amending his declaration, the plaintiff had no right to proceed against Tucker on his separate promise, as was ruled by the court.

To the other ruling of the court, the plaintiff, we think, has no legal ground of exception.

The plaintiff called several witnesses, by whom he offered to prove, that the defendant Tucker had purchased goods of them, (the witnesses,) on false and fraudulent representations, in the name of Withington and Jones. To this evidence the defendant objected, and the objection was sustained. In the first place, these representations, not being made to the plaintiff, were clearly irrelative, and might nevertheless prejudice and mislead the jury. And, secondly, such fraudulent representations, although made to the plaintiff in pursuance of a fraudulent conspiracy between the several defendants, would not be admissible in an action founded on contract. In this respect, and this only, the ruling at the trial was erroneous ; but to this ruling the defendant only had the right to object. *Exceptions overruled*